IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-0458-CV-W-NKL-P |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Petitioner Willie Johnson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Motion is denied.

I.  **Background**

On February 4, 2004, Petitioner pleaded guilty without the benefit of a plea agreement to a one-count indictment of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). During the plea hearing, the Court informed Johnson that he would be subject to a range of punishment not to exceed ten years. During the preparation of the presentence investigation report, the United States discovered that Johnson had a lengthy criminal record, including five violent felonies. On April 14, 2004, the United States filed a "Notice of Prior Convictions of the

1

Defendant and Notice of the Government to Enhance the Defendant's Sentence Under the Armed Career Criminal Act, (ACCA) 18 U.S.C. § 924(e)," which imposes a mandatory minimum sentence of 15 years.

When the parties appeared before the Court for sentencing on June 16, 2004, the Court gave Johnson the opportunity to withdraw his guilty plea now that he faced a mandatory minimum sentence of 15 years under the ACCA instead of the ten year maximum the Court told him he would face when he entered his plea. Petitioner stated that he did not want to withdraw the plea but his response suggested that he did not fully understand that he was facing a minimum of 15 years in prison. The Court continued the sentencing to a later date to research Section 924(e) further.

On July 7, 2004, the parties again appeared before this Court for sentencing. The Court informed Petitioner that because the United States had charged him under the ACCA after his guilty plea, he now had the opportunity to withdraw the plea. When the Court asked Petitioner if he wanted to withdraw his guilty plea, knowing that he would be subject to a minimum a 15-year sentence, or to proceed with the sentencing, Petitioner said, "Yes. Proceed with it, Judge." The Court imposed the statutory minimum and committed Petitioner to the custody of the Bureau of Prisons for 180 months to be followed by 3 years of supervised release and a mandatory special assessment of $100.

Petitioner filed a notice of appeal on July 16, 2004. A month later, Defense counsel filed a supporting brief asserting due process and equal protection claims, and a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Petitioner filed a supplemental brief *pro se* on November 12, 2004, arguing that his sentence should be vacated and his case remanded for resentencing because the fact of the prior convictions asserted by the United States underlying his 15-year mandatory minimum sentence was not found by a jury. The Eighth Circuit Court of Appeals rejected his appeal and affirmed his sentence on May 10, 2005, "because the [presentence investigation report] referenced the convictions underlying his classification as an armed career criminal and Johnson did not object to these facts." *United States v. Johnson*, 130 Fed. Appx. 75, 76 (8th Cir. 2005).

## II.   Discussion

Petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on June 6, 2006, arguing that he should be resentenced under *Shepard v. United States*, 544 U.S. 13 (2005), which was decided after his sentence was imposed. In *Shepard*, the Supreme Court considered what sources of information a sentencing court may look at in deciding whether a prior conviction entered on a guilty plea for a non-generic burglary offense qualifies as a burglary for the purposes of imposing the 15-year mandatory minimum sentence under the ACCA. Ultimately, the Supreme Court held that the "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was

confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

Although it is not entirely clear from his brief, the gist of Petitioner's argument seems to be that three of the prior convictions cited by the United States in seeking to impose the mandatory minimum under the ACCA were state convictions for second degree burglary. Petitioner seems to argue that second degree burglary in Missouri, which is defined as "knowingly enter[ing] unlawfully or knowingly remain[ing] unlawfully in a building or inhabitable structure for the purpose of committing a crime therein," Mo. Rev. Stat. § 569.170, is a non-generic burglary offense. Petitioner argues that *Shepard* requires a jury to consider whether the elements necessary to support a conviction for that offense are sufficient to support a conviction for generic burglary under the ACCA. *Shepard* does not support Petitioner's proposition. As the Eighth Circuit has noted many times, "whether the prior conviction is a violent felony under the ACCA is distinctly a question of law for the court, not a jury." *United States v. Mincks*, 409 F.3d 898, 901 (8th Cir. 2005). The only change *Shepard* made to this longstanding rule is in limiting what the Court may consider in making that determination, and Petitioner does not allege that the Court considered any information precluded by *Shepard*.

Moreover, even if the Court had considered information no longer allowed under *Shepard,* that fact would have no bearing on the present motion. A new rule of constitutional law is not made retroactive to cases on collateral review unless the

4

Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (internal quotation omitted). Similarly, the Supreme Court does not make a rule retroactive through dictum. *Id.* at 663 n. 4. *Shephard* was decided on direct appeal. To the extent that it announces a new rule of constitutional law, the Supreme Court has not declared that it should be applied to cases on collateral review under 28 U.S.C. § 2255. The Court is unaware of any Eighth Circuit case law on this point, but other District Courts considering the retroactivity of *Shepard* have all reached the same conclusion. *See, e.g., Snyder v. United States*, 2006 U.S. Dist. LEXIS 5619 (W.D. Mich. Jan. 30, 2006); *Caballero-Banda v. United States*, 2005 U.S. Dist. LEXIS 21280, *5 (Sept. 13, 2005, W.D.Tex.2005); *McCleskey v. United States*, 2005 U.S. Dist. LEXIS 16974, *6 (W.D.Tex. Aug. 15, 2005); *Darco v. United States*, 2005 U.S. Dist. LEXIS 23223, *4 (E.D.N.Y. Jul 28, 2005); *Morales v. United States*, 2005 U.S. Dist. LEXIS 5896, *7 (D. Minn. Apr. 7, 2005).

    Accordingly, Petitioner's Motion is DENIED.

    IT IS SO ORDERED.

    s/ Nanette K. Laughrey
    NANETTE K. LAUGHREY
    United States District Judge

Dated: November 20, 2006
Jefferson City, Missouri